IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 06-cv-00537-LTB-MJW

MARK LEAL,
TANYA LEAL, and
MARK PAQUETTE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

SONIC-MASSEY PONTIAC BUICK GMC, INC., and
SONIC AUTOMOTIVE, INC., a/k/a CORNERSTONE ACCEPTANCE CORPORATION,

    Defendants.
_____

ORDER
_____

This case is before me on Defendants' Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim. After consideration of the motion, related pleadings, and the case file, I grant the motion in part and deny it in part as set forth below.

**I. Background**

This case arises out of Plaintiffs Mark and Tanya Leal's (collectively "the Leals") purchase of a GMC Yukon and a Kia Optima and Plaintiff Mark Paquette's ("Paquette") purchase of a Pontiac Grand Am. In connection with these transactions, Plaintiffs allege that Defendants misrepresented and concealed various facts about the terms of purchase.

Plaintiffs' Second Amended Complaint asserts claims against Defendants for violations of

1

the Truth in Lending Act ("TILA"), the Colorado Uniform Consumer Credit Code ("UCCC"), the Colorado Consumer Protection Act ("CPA"), and C.R.S. §12-6-122 and for fraudulent concealment and negligent supervision.  By the motion to dismiss, Defendants argue that Plaintiffs have failed to state a claim under TILA and that all of Plaintiffs' supplemental state law claims should also be dismissed.

## II.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied.  *Id*.  In reviewing the sufficiency of the complaint, all well-pled facts, as opposed to conclusory allegations, must be taken as true and all reasonable inferences must be liberally construed in the plaintiff's favor.  *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1543 (D. Colo. 1990).

Rule 12(b)(6) further provides that if matters outside the pleadings are presented and not exlcuded, then the motion to dismiss shall be treated as one for summary judgment.  Here, although the parties have submitted supplemental materials in connection with Defendants' motion, I find that consideration of these materials is unnecessary to a determination of the issues before me and therefore decline to convert Defendants' motion to one for summary judgment.

## III.  Analysis

Defendants first argue that Plaintiffs cannot state a claim under TILA with respect to the Leals' purchase of the GMC Yukon or Paquette's purchase of the Pontiac Grand Am because the

2

total amounts financed for these vehicles exceeds TILA's jurisdictional maximum amount of $25,000.  *See* 15 U.S.C. §1603(3) ("[TILA] does not apply to ... [c]redit transactions ... in which the total amount financed exceeds $25,000").  Plaintiffs do not specifically address this argument with respect to the Grand Am.  Moreover, the allegations they make with respect to the Yukon are inapplicable to the Grand Am transaction.  Specifically, Plaintiffs allege that Defendants wrongfully included amounts representing the negative equity in the Leals' trade-in vehicles and charges for non-existent add-on features in the amount financed for the Yukon when these amounts are actually finance charges and that the amount financed does not exceed $25,000 once these amounts are deducted.  *See* 15 U.S.C. § 1638(a)(2)(A) (finance charges are not included in computation of "amount financed" under TILA).  Accepting these allegations as true, I conclude that the amount financed for the Leals' purchase of the Yukon falls within the scope of TILA.  In the absence of similar allegations regarding the Grand Am, however, I conclude that the amount financed for Paquette's purchase of this vehicle falls outside the scope of TILA.  Plaintiffs have therefore failed to state a claim under TILA regarding Paquette's purchase of the Grand Am.

Next, Defendants argue that Plaintiffs cannot state a claim under TILA with respect to the Leals' purchase of the Kia Optima because it is readily apparent that the terms of the subject loan were accurately disclosed and that Plaintiffs were not charged for any non-existent add-on features of this vehicle.  These assertions, however, are in direct contradiction to the pleadings before me.  Specifically, Plaintiffs have alleged in some detail how Defendants misrepresented and/or concealed various charges, including charges for features that were not included in the Optima, that were not applicable to cash transactions.  Under these circumstances, I conclude that Plaintiffs have stated a viable claim under TILA regarding the Leals' purchase of the Optima.

3

Finally, Defendants argue that Plaintiffs' state law claims should be dismissed as a result of their failure to state any viable TILA claims. As set forth above, however, Plaintiffs have stated viable claims under TILA regarding the Leals' purchase of the Yukon and the Optima, and this Court therefore has supplemental jurisdiction over the Leals' state law claims. The only question then is whether Paquette's state law claims are subject to dismissal as the result of the dismissal of his TILA claim. In this regard, it is clear that this Court may continue to exercise jurisdiction over Paquette's state law claims if they are so related to the remaining federal law claims so as to be part of the same case or controversy. 28 U.S.C. § 1367(a). Although Defendants characterize Paquette's claims as relating to an entirely separate transaction, the gravamen of Plaintiffs' claims is that Defendants engaged in a pattern of deceptive practices and that Plaintiffs, including Paquette, are representative victims of these alleged practices. Under these circumstances, I conclude that Paquette's state law claims arise out of the same controversy as the Leals' TILA claims and that it is therefore appropriate for this Court to retain jurisdiction over these claims.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendants' Motion to Dismiss Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim [Doc # 12] is GRANTED IN PART and DENIED IN PART; and

     2.  Plaintiff Mark Paquette's First Claim for Relief (Violation of TILA) is hereby DISMISSED WITH PREJUDICE.

Dated: August 11, 2006 in Denver, Colorado.

                                        BY THE COURT:

                                          s/Lewis T. Babcock

                                        LEWIS T. BABCOCK, CHIEF JUDGE