IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Michael J. Watanabe

Civil Action No. 06-cv-0537-LTB-MJW

MARK LEAL, et al.,

    Plaintiff,

v.

SONIC AUTOMOTIVE, INC., et al.,

    Defendants.

---

**SCHEDULING ORDER**

---

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

| Counsel for Plaintiffs: | David Angle, Esq.<br>Angle & Angle, LLC<br>1881 9th Street, Suite 315<br>Boulder, CO  80302<br>303-443-2200<br><br>Douglas S. Lyons, Esq.<br>Lyons & Farrar, PA<br>325 North Calhoun Street<br>Tallahassee, FL  32301<br>850-222-8811<br><br>William J. Martínez, Esq.<br>McNamara & Martinez, LLP<br>1640 East 18th Avenue<br>Denver, CO  80218<br>303-333-87000 | Counsel for Defendants: | Dennis M. Black, Esq.<br>Stephen D. Andrews, Esq.<br>Michael T. Morley, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street N.W.<br>Washington, D.C. 20005<br>202-434-5000<br><br>Colleen M. Rea, Esq.<br>Ford & Harrison LLP<br>1675 Broadway<br>Suite 2150<br>Denver, CO 80202<br>303-592-8863 |

>Stephen P. Wills, Esq.
>Wills Law Firm
>2338 Broadway
>Boulder, CO 80304
>303-449-4441

The Scheduling Conference was held October 25, 2006.

## 2. STATEMENT OF JURISDICTION

Plaintiffs: The Court's federal question jurisdiction over Plaintiffs' Truth in Lending claim is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to 15 U.S.C. § 1640. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

Defendants:  As argued in Defendants' prior motion to dismiss, Defendants contend that the Court lacks federal jurisdiction in this case because plaintiffs' TILA claims are baseless, because plaintiff Paquette has no remaining federal claim, complete diversity is lacking, and exercise of supplemental jurisdiction is not appropriate.  The Court has ruled that it has federal jurisdiction over the claims remaining in the case.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

   a.   *Plaintiff:*

Plaintiffs bring this case as a proposed class action on behalf of themselves and hundreds of consumers who had finance charges hidden in credit automobile transactions and who were subjected to Defendants' systematic deceptive practices in

2

violation of consumer protection laws including the Truth In Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the Colorado Uniform Consumer Credit Code, C.R.S. §§ 5-1-101 *et seq.* ("UCCC") and the Colorado Consumer Protection Act ("CCPA") C.R.S. §§6-1-101 et seq. Defendants' illegal tactics included charging consumers for nonexistent products; failing to properly disclose these and other finance charges on credit transaction documents; selling unlicensed, prohibited insurance policies; and misrepresenting and concealing information during these transactions. Through its illegal schemes, Defendants reaped millions of dollars in ill-gotten profit from thousands of consumers.

    *b.*    *Defendants:*

Defendant Sonic Buick GMC, Inc., formerly d/b/a Don Massey Pontiac Buick GMC, Inc.[1] (hereinafter "Massey Pontiac" or "the dealership") provides this statement of defenses to the plaintiffs' individual claims and their attempt to represent a class.  The dealership's investigation into these allegations is continuing and this statement of defenses is necessarily preliminary.  The plaintiffs contend that, for various reasons, the amounts they paid for three vehicles (a 2002 GMC Yukon, a 2004 Kia Optima, and a Pontiac Grand Am) were artificially or illegally inflated, which also caused the dealership's disclosures concerning the terms of their loans to be false.  The plaintiffs were not deceived in any way concerning their automobile purchases, and the dealership made all disclosures required by state and federal law.

---

[1] The plaintiffs incorrectly name "Sonic-Massey Pontiac Buick GMC, Inc." as a defendant.  The correct name of the entity is used throughout this document.

The Leals were fully informed of the material terms of their purchase of the 2002 GMC Yukon. The dealership properly disclosed the terms of the Leals' loan for this vehicle in accordance with both the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and Colorado state law. The Leals were fully apprised of the manner in which the dealership accounted for the Leals' outstanding debts on their trade-in vehicles. The Leals were well aware that they were receiving a new loan, with the 2002 Yukon as collateral, that would both cover the cost of the Yukon and pay off the outstanding balances on their trade-in cars. The dealership did not make any misrepresentations to the Leals concerning GAP coverage (or any other topic).

The Leals were also fully informed of the material terms of their purchase of the 2004 Kia Optima. The dealership properly disclosed the terms of the Leals' loan for this vehicle in accordance with both the TILA, 15 U.S.C. §§ 1601 et seq., and Colorado state law. There were no "phantom add ons" for which the Leals were charged but never received. The Leals received the exact vehicle, with the exact list of add-ons and features for which they negotiated, at exactly the price they negotiated.

Mr. Paquette was fully informed of the material terms of his purchase of a Pontiac Grand Am. The dealership made all required disclosures concerning the purchase of GAP coverage.

Among the other defenses to the merits of the plaintiffs' claims are the following:

● Failure to Plead Fraud With Sufficient Particularity – Counts 3 through 5 are statutory and common-law causes of action that each include fraud as an element, yet

4

are not pled with particularity as required by Fed. R. Civ. P. 9(b).  Although each of these counts incorporate the entire complaint by reference, they are legally insufficient because none of them identifies the particular fraudulent statement at issue, the identity of the speaker, or the time or place of the alleged representation.  *See United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.,* No. 99-3105, 2000 U.S. App. LEXIS 26914, at *9 (10th Cir. Oct. 26, 2000)

● Failure to State a Claim Against Sonic Automotive – The Second Amended Complaint alleges no facts that any employee of Sonic Automotive did anything with regard to the plaintiffs.

● Failure to Establish Causation – The plaintiffs do not allege that, had they known any of the facts the dealership allegedly suppressed or misrepresented, they would not have gone through with the transactions.

● Statute of Limitations – Some or all of the state-law claims are barred by the applicable statutes of limitations.

● Failure to State a Claim Under the CCPA – The plaintiffs' allegations fail to establish that any of the specific misrepresentations alleged affected the public at large, rather than affecting only the terms of their individual transactions.  *Cf. Cavitat Med. Techs., Inc. v. Aetna, Inc.*, No. 04-CV-01849-MSK-OES, 2006 U.S. Dist. LEXIS 5422, at *9-10 (D. Colo. Jan. 27, 2006).

● Failure to State a Claim for Negligent Supervision – The Second Amended Complaint alleges no facts to show that the dealership had any reason to believe its

employees would engage in wrongdoing.  *Keller v. Koca*, 111 P.3d 445, 446 (Colo. 2005); *see also Van Osdol v. Vogt*, 892 P.2d 402, 408 (Colo. 1994).

● Lack of Federal Jurisdiction – The plaintiffs' rights under TILA were not violated. Consequently, the Court cannot exercise supplemental jurisdiction over the plaintiffs' state law claims.  Plaintiff Paquette has no remaining federal claims and complete diversity is lacking.  Paquette's transaction was independent of the other plaintiffs' transactions and there is no basis for supplemental jurisdiction over his state law claims.

● Waiver and Estoppel – The plaintiffs waived their right to bring these claims or are estopped from doing so.

This suit should not be certified as a class action because it is based on individual, discrete transactions comprised of particularized circumstances that cannot be generalized or treated on a classwide basis.  The disclosures made to each customer, the disclosures on the sales contracts, and the understanding and expectations of each customer will necessarily vary.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant Sonic Automotive, Inc. is the parent company of Defendant Sonic – Massey Pontiac Buick GMC, Inc.

## 5. COMPUTATION OF DAMAGES

Plaintiffs filed this case as class representatives on behalf of themselves and other similarly situated consumers. Plaintiffs claim, on behalf of themselves and other similarly situated consumers, statutory damages, actual damages, treble damages, punitive damages, attorneys' fees and costs, as allowed by law; pre-judgment and post-judgment interest; and equitable relief.

A more detailed description of named Plaintiffs' damages will be provided in the normal course of discovery. A more detailed description of class member damages will be provided after ruling on class certification and pursuant to the Court's Orders.

## 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting.

Counsel held their 26(f) conference on October 4, 2006.

b. Names of each participant and party he/she represented.

| Counsel for Plaintiff: | David Angle, Esq.<br>Angle & Angle, LLC | Counsel for Defendants: | |
|---|---|---|---|
| | Douglas S. Lyons, Esq.<br>Lyons & Farrar, PA | Dennis M. Black, Esq.<br>Williams & Connolly, LLP | |
| | William J. Martinez, Esq.<br>McNamara & Martinez, LLP | | |
| | Stephen Wills, Esq.<br>Wills Law Firm, PC | | |

    c.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    None.

    d.    Statement as to when rule 26(a)(1) disclosures were made or will be made.

    The parties exchanged disclosures October 18, 2006.

    e.    Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.  If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.

    The parties have not yet agreed to informal discovery but commit to exploring proposals for the same.

    f.    The parties anticipate that their claims or defenses will involve extensive electronically stored information and that a substantial amount of disclosure and discovery will involve information and records maintained in electronic form. On May 10, 2006, Plaintiffs counsel sent an evidence preservation letter to defense counsel requesting that Defendants take comprehensive steps to preserve all evidence, electronic and otherwise, relevant to this action.

Defendants' data preservation policies require all hard-copy and electronic documents pertaining to customers or car sales to be preserved for seven years. In addition, defendants circulated a memorandum specifically directing that all hard-copy and electronic information and documents related to this matter be preserved.

Most of the documents potentially pertinent to this case are stored in hard-copy and electronic form. The only electronic data compilation under the defendants' control containing information pertinent to this case is a customer information database. This database contains general information concerning customers, primarily contact information, of both Massey Cadillac (which is not a party to this case and operates an entirely separate dealership) and the former Massey Pontiac (which has been sold). The information is stored off-site on servers owned and maintained by a third-party entity called Reynolds & Reynolds and is accessible by Laurie Gresham, Massey Cadillac's Controller. Reynolds & Reynolds is responsible for backing up all information on those servers and conducting maintenance.

Alpine Buick Pontiac GMC maintains a database that includes substantive deal-related information (which is also reflected in defendants' hard copy documents) from the former Massey Pontiac's customers. Massey Pontiac has initiated a process with Alpine Buick Pontiac GMC to ensure that Massey Pontiac has access to records pertinent to this litigation without significant disruption to Alpine Buick Pontiac GMC's (a third party's) business operations.

### 6.  CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

### 7.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiffs: The parties shall have until February 28, 2007 to file an additional amended pleading to join parties and/or add claims or defenses without leave of Court.

**Defendants:**  Defendants do not object to a February 28, 2007 deadline, but as the plaintiffs have already twice amended their complaint, any further amendments should be permitted only with leave of court.

Deadline for filing Class Certification Motion:

June 29, 2007

Deadline for filing Response to Class Certification Motion:

July 20, 2007

Deadline for Reply re Class Certification Motion:

August 10, 2007

b. Discovery Cut-off:

(i) The parties shall have until August 31, 2007 to complete discovery related to class certification issues and Plaintiffs' individual claims.

    (ii) The parties shall have until 120 days after ruling on class certification to complete class merits and class damages discovery.

 c. Dispositive Motion Deadline:

  September 30, 2007

 d. Expert Witness Disclosure

  (1) Anticipated fields of expert testimony:

   <u>Plaintiffs' Anticipated Expert Witnesses</u>:

    (A) Expert in the area of economic damages;

    (B) Expert on motor vehicle sales practices;

    (C) Disclosures required in motor vehicle transactions;

    (D) Predatory lending practices;

    (E) Computer Forensics Expert; and

    (F) Statistician

   <u>Defendants Anticipated Expert Witnesses</u>:

Defendants' anticipated expert testimony will depend on the course of discovery and the designations of Plaintiff but would likely include:

    (1) Expert on motor vehicle sales and leasing;

    (2) Expert on financing;

    (3) Expert on damages;

    (4) Experts responsive to Plaintiffs' experts.

(2) Limitation on the use or number of expert witnesses:

Six (6) per side.

(3) Designation of experts and provision of information under Fed. R. Civ. P. 26(a)(2):

(i) The Parties shall have until May 15, 2007 to make expert witness disclosures relating to the individual claims and class certification issues.

(ii) The Parties shall have until 70 days from ruling on class certification to make expert witness disclosures relating to class merits and class damages.

(4) Designation of rebuttal experts and provision of information under Fed. R. Civ. P. 26(a)(2):

(i) The Parties shall have until June 5, 2007 to make rebuttal expert disclosures relating to individual claims and class certification issues.

(ii) The Parties shall have until 20 days from the expert witness discloures regarding class merits and class damages to make rebuttal expert disclosures relating to these issues.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless approved by the court.

e. Deposition Schedule:

**Plaintiff:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Current and/or Former Sales and Finance Managers | TBD | TBD | 3-7 hours each |
| Rule 30(b)(6) designee(s) re Defendants' computer systems | TBD | TBD | 3-7 hours each |
| Current and/or Former Salespersons and Finance Directors | TBD | TBD | 3-7 hours each |
| Manufacturer, Accounting, Product, and Lender Representatives | TBD | TBD | 3-7 hours each |

**Defendants:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Mark Leal | TBD | TBD | 7 hours |
| Tanya Leal | TBD | TBD | 7 hours |
| Mark Paquette | TBD | TBD | 7 hours |

Defendants will supplement this list after receiving plaintiffs' disclosures and after further discovery is taken.

f. Interrogatory Schedule:

Interrogatories shall be served by July 27, 2007.

13

g.     Schedule for Request for Production of Documents and Requests for Admissions:

Requests for Production and Requests for Admissions shall be served by July 27, 2007.

h.     Discovery Limitations:

(1)     Number of Depositions

Plaintiffs: Each side will be limited to 30 non-expert depositions plus depositions of all experts without further Order of the Court.

Defendants: Defendants agree that depositions should be limited to 30 non-expert depositions per side without conceding that number of depositions will be necessary. Defendants reserve their rights to move for a protective order with respect to individual depositions.

(2)     Length of Depositions

All depositions shall be limited to no more than a single day of seven hours.

(3)     Interrogatories

Plaintiffs: Each side shall be limited to 25 Interrogatories regarding the substantive and/or individual claims and 45 Interrogatories regarding the class claims.

Defendants: Each side shall be limited to a total of 35 interrogatories without regard to subject matter. After a ruling on class

certification, the parties can discuss with the Court whether any additional interrogatories are required.

(4) Requests for Production of Documents and Requests for Admission:

Plaintiffs: Each side shall be limited to 25 Requests for Production regarding the substantive and/or individual claims and 45 Requests for Production regarding the class claims. Each side shall be limited to 25 Requests for Admission regarding the substantive and/or individual claims and 35 Requests for Admission regarding the class claims.

Defendants: Each side shall be limited to 35 Requests for Production and 35 Requests for Admission without regard to subject matter. After a ruling on class certification, the parties can discuss with the Court whether any additional requests are required.

(5) Other Planning or Discovery Orders

## 8. SETTLEMENT

The parties certify that on October 4, 2006, in accordance with Rule 26(f), they discussed the possibilities for prompt settlement or resolution of the case. The parties discussed and are aware that ruling on the class certification issues bear greatly on the possibility and nature of potential settlement.

## 9.  OTHER SCHEDULING ISSUES

a. Bifurcation

If the Court certifies this case as a class action, Plaintiffs propose the issues of liability and damages be bifurcated.

b. Anticipated length of trial and whether trial is to the court or jury.

Plaintiffs: Plaintiffs anticipate the length of a trial to the jury on class liability, the entitlement of class members to class punitive damages, and damages for the named class representatives will be approximately 15 days.

Plaintiffs propose a trial regarding class damages for a representative sample of class members. Plaintiffs anticipate this trial will be approximately 30 days. This trial would not involve determination of entitlement to punitive damages as that issue will have been resolved in the class liability trial. Plaintiffs believe that a trial of sample class members should result in a methodology of concluding the remaining class member claims. However, if subsequent trials on class damages are in fact necessary, Plaintiffs propose setting additional class damage trials after the damage trial of the representative sample of class members.

If the case is not certified as a class action, Plaintiffs anticipate a seven (7) day trial to the jury.

Defendants.  Should a class be certified, the length of a trial on liability will depend on the scope of the class(es) certified.  Should class(es) be certified as defined in Plaintiffs' complaint, given the number of individualized issues that would have to be tried on damages, Defendants believe that Plaintiffs' estimate of 30 days for a damages hearing is conservative at best.  Should no class be certified, Defendants believe trial of the individual claims would take 3-5 days.  Discussion of trial structure is premature without knowing what, if any, class(es) will be certified.

### 10.  DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on_____ at _____ o'clock __.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

- ( ) *Pro se* parties and attorneys only need be present.
- ( ) *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)
- ( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and

        issues in the case and the party's settlement position.

b.      Status conferences will be held in this case at the following dates and times:

_____

_____

_____

c.      A final pretrial conference will be held in this case on _____at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 12.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of October, 2006.

                                BY THE COURT:

                                _____
                                United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ David Angle<br>Angle & Angle, LLC<br>1881 9th Street, Suite 315<br>Boulder, CO  80302<br>(303) 443-2200 | s/ Dennis M. Black, Esq.<br>Stephen D. Andrews, Esq.<br>Michael T. Morley, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street N.W.<br>Washington, D.C. 20005<br>202-434-5000 |
| s/ Douglas S. Lyons<br>Lyons & Farrar, PA<br>325 North Calhoun Street<br>Tallahassee, FL  32301<br>850-222-8811 | Colleen M. Rea, Esq.<br>Ford & Harrison LLP<br>1675 Broadway<br>Suite 2150<br>Denver, CO 80202<br>303-592-8863 |
| s/ William J. Martínez<br>McNamara & Martinez, LLP<br>1640 East 18th Avenue<br>Denver, CO  80218<br>303-333-87000 | *Attorneys for Defendants* |
| s/Steven S. Wills<br>Wills Law Firm, PC<br>2338 Broadway<br>Boulder, CO 80304<br>303-449-4441 | |

*Attorneys for Plaintiffs*